OPINION OF THE COURT
Bruce Allen, J.
Respondents filed a demand for National Association of Securities Dealers (NASD) arbitration against petitioner. Petitioner filed a motion seeking a stay of the arbitration. In a *333 decision dated April 4, 2002, this court denied the motion to stay. The pertinent facts are set out in that decision, a copy of which is attached as an appendix. Petitioner has now moved for leave to renew the decision as it applies to the six respondents who did not have written customer agreements with petitioner. As grounds for its motion, petitioner cites two federal cases which have been decided since this court made its ruling.
The first of these was Securities & Exch. Commn. v ETS Payphones, Inc. (300 F3d 1281 [2002]), decided August 6, 2002. In that case, the Eleventh Circuit found that the defendant was not in violation of certain Securities and Exchange Commission (SEC) regulations because the investment instrument in issue, which was the same instrument involved here, did not meet the legal definition of a “security.” However, this court’s finding that respondents’ claim is arbitrable was not dependent on whether the ETS investment was considered a security. Petitioner’s argument is essentially that, for NASD arbitration purposes, when a member firm sells, or renders financial advice regarding an investment that is not technically a “security,” that is not to be considered part of the “business” or “activity” of the member, and the purchaser in such a transaction is not a “customer.” Petitioner cites no case law in support of such a restricted interpretation. As respondents note, NASD Procedural Rules rule 10301 formerly contained language limiting matters eligible for arbitration to “securities-related” disputes. That language was deleted by amendment in 1980. That amendment would be meaningless if the remaining language regarding “dispute [s] * * * arising in connection with the business of such member” were interpreted to mean only disputes that were directly “security-related.”
The other recent case cited by petitioner is Bensadoun v Jobe-Riat (316 F3d 171 [2003]), decided by the Second Circuit on January 13, 2003. There, the plaintiff, Bensadoun, was a registered representative of Paine Webber. The respondents were investors who claimed that Bensadoun convinced them to invest in what turned out to be a fraudulent scheme. The respondents did not have accounts with Paine Webber, but alleged that they had invested their funds through an intermediary, Autard, who did have an account. Bensadoun sued to enjoin NASD arbitration. In support he submitted an affidavit in which he denied having had any contact whatsoever with the respondents, and thus contended that they were not his customers. The Second Circuit ruled that if there had been no *334 contact between Bensadoun and the respondents, the respondents could not be considered his customers. Since Bensadoun’s affidavit was sufficient to raise an issue of fact with regard to whether there had been such contact, a hearing on the facts was necessary in order to resolve the issue of arbitrability.
Petitioner contends that such a hearing is required in this case. However, unlike Bensadoun, here there is no proffer of facts to contradict respondents’ allegations that they dealt directly with petitioner’s registered representatives. Bensadoun noted that general denials and account documents would have been insufficient to raise an issue with respect to the claimant’s specific allegations. Petitioner again cites the fact that the spouses of the representatives were listed on the paperwork as the brokers of record. As stated in the April 4, 2002 decision, in the circumstances of this case that fact does not contradict respondents’ allegation that they dealt with the registered representatives. Rather, it suggests that the representatives made some attempt to disguise from petitioner their involvement in the transactions.
Finally, it is noted that a recent federal case involving very similar facts to those here likewise found the dispute to be subject to NASD arbitration. (Washington Sq. Sec., Inc. v Aune, 253 F Supp 2d 839 [WD NC, Mar. 7, 2003].)
Accordingly, the motion to renew is denied.